TRADER. The. v. The JAMES ADGER. See Case No. 7,188.

———

## Case No. 14,132.

TRADER et al. v. MESSMORE et al.

[1 Ban. & A. 639;[1] 7 O. G. 385.]

Circuit Court, S. D. Ohio.   Jan., 1875.

PATENTS — INTERPRETATION OF CLAIM — PATENT OFFICE FILE—CHANGES IN ORIGINAL SPECIFI-
  . CATIONS—SIGNIFICANCES—SEED PLANTERS.

1. Where it becomes important. in interpreting the language used in the specifications and claims of the patent. to determine the construction the patentee himself placed upon it. recourse may be had to the files in the patent office. to ascertain what changes were made in the·original specification and claims, and the significances of those changes.

2. The claim of the patent. granted to William Blessing. December 13. 1859. for "an improvement in seed planters." is for "the arrangement of the top portion of the distributor. made with a semi-lunar opening. and the recess under the covered portion of the said top. when the periphery of the said top is made with the chaff openings, H, on either side of the reciprocating seed bar. so that the said bar. by its reciprocating action. shall work out the chaff through the passage H H on either side of the bar." must. in view of the record of the case in the patent office. be interpreted. so as to limit the invention to a particular arrangement of a particular top with particular openings, so that the chaff may be removed in a particular way.

3. So limited. it is not infringed by the defendants' device. in which there are no lateral chaff openings in the periphery of the distributor through

———

[2] That the case comes under the 11th article referred to, see The Nichols, 7 Wall. [74 U. S.] 656.

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

which the chaff is worked out by the vibrations of a feed bar, but in which the chaff falls directly to the ground.

4. While patents should be liberally construed, they should not be so interpreted as to enable patentees to reach out and cover every improvement or invention which, after seeing, they conclude they might have embraced and included within their patent, but which were not so embraced or included.

[This was a bill in equity by James F. Trader and others against A. L. Messmore and others for the infringement of letters patent No. 26,410, granted to William Blessing December 13, 1859.]

Wood & Boyd, for complainants.

Fisher & Duncan, for defendants.

SWING, District Judge. This suit is brought by the complainants against the respondents for the infringement of letters patent, granted to William Blessing, December 13, 1859, for an "improvement in seed planters," and extended for seven years from December 13, 1873, the title to which, for certain territory described in the bill, has become vested in complainants.

The respondents admit the manufacture and sale by them, within the territory claimed, of a certain planter, which has been introduced in evidence as the "Bowman Distributor," but deny that this is an infringement of the invention claimed in the Blessing patent. They also deny that Blessing was the original and first inventor.

The determination of this case depends upon the construction which shall be given by the court to the patent of the complainants. It is said by the courts that, "patents should be liberally construed;" that we should look at the whole instrument, the patent, specifications, drawings and claim, and ascertain from them the nature and extent of the patentee's invention. This is undoubtedly true; but, in doing so, Mr. Justice Woodbury, in Smith v. Downing [Case No. 13,036], said, we should not put a broader construction on the language of the patentee than the whole subject matter and description and nature of the case seem to indicate as designed; no fancied construction, but rather what is natural and clear, considering what already exists upon the same subject.

With these general suggestions, let us approach the examination of this particular invention. In the specification first filed by William Blessing, his claim was for "the employment of the feed bar, in combination with the chaff chamber;" but this application was rejected, for the reason that the patent granted to Chapin Street, for grain drill, May 29, 1855, contained substantially the same device claimed by him. Whether it did so or not may not be material, except in this, that it did contain a feed bar and chaff chamber; but it becomes important, in interpreting the language subsequently used by the applicant in his amended specifica-

[Drawing of patent No. 26,410, granted December 13, 1859, to W. Blessing. Published from the records of the United States patent office.]

tion and claim, to know the construction he himself placed upon it.

The rejection was on the 5th of October. Afterward, on a subsequent day in October, the applicant empowers his attorney, L. D. Gale, to amend the papers; and, soon after, Mr. Gale files with the commissioners, by way of amendment: "In reply to your letter of 5th instant, refusing the claim of William Blessing, for a distributing apparatus for a corn planter, I have amended the claim to modify the application, and confine the claim to the construction of the semi-lunar top, with its recess and the side openings H. You will please, therefore, correct the existing claim and substitute therefor the following: 'What I claim as my invention and desire to secure by letters patent is: The arrangement of the top portion of the distributor made with a semi-lunar opening, and the recess under the covered portion of the said top, when the periphery of the said top is made with the chaff openings H, on either side of the reciprocating seed bar, so that the seed bar, by its reciproating action, shall work out the chaff through the passages H H on either side of the seed bar, and thus prevent the choking of the distributor.'"

On the 27th of October, the specifications were returned to him, so as to enable him to amend or erase the nature of his invention, so that it might not conflict with the claim as amended; on the 28th day of October he filed his amendment, by striking out, or cancelling, lines fifteen to twenty-four inclusive, and inserting in place thereof the following: "The nature of the invention consists in the arrangement of the top part of the seed distributor, having on its periphery or sides peculiar chaff openings, for removing chaff and other obstructions, more particularly described in the specification." The original claim was the employment of the feed bar, in combination with the chaff chamber, but the amendment was: "The arrangement of the top portion of the distributor, made with a semi-lunar opening, and the recess under the covered portion of the said top, when the periphery of the said top is made with the chaff openings H, on either side of the reciprocating seed bar, so that the said bar by its reciprocating action, shall work

out the chaff through the passages H H on either side of the seed bar. And he said the object of this amendment, was to confine the claim to the construction of the semi-lunar top, with its recess and side openings; and without looking to what he said was his object, does not a fair construction of the language show plainly, that he had limited the invention, originally claimed by him, to a particular arrangement of a particular top, with particular openings, so that the chaff may be removed in a particular way? He certainly did not intend to claim a chaff chamber, however constructed, and certainly not every mode of removing chaff.

We think it, therefore, clear. that this patent must receive the limited construction indicated. If so, it is very clear, that the respondents' device does not embrace, either the particular top with its particular arrangement, or its particular openings. But suppose we give it a broader construction, and say complainants are entitled to a chaff chamber, and one of a different form, and openings of a different form, and at a different place; still, in order to find that the respondents infringe, we must find that they have a chaff chamber and openings substantially alike in mode of operation and results.

If the respondents' device can be said to have a chaff chamber at all, it is so different in operation, that it can hardly be said to be substantially the same. The complainants' chaff chamber is for the reception of the chaff, and openings are made necessary for its escape, and the operation of the seed bar is necessary to carry it from the chamber through the openings. In the respondents', by the arrangements of the parts, the chaff falls directly to the ground, or upon that portion of the mechanism upon which the device is fastened; no other openings are necessary; and the seed bar performs no office, such as is required by the seed bar in complainants' device.

But there is another view of this matter. Their devices are very different in form. The respondents have received a patent for them from the government; and the presumption of law is. that it is novel, and that it involved intention; and the proofs of complainants' and respondents' experts show, very clearly, that it is of superior utility to that of complainants. Under such circumstances, I do not feel disposed to give such a construction to the complainants' patent as will embrace the respondents' device; and more so, as complainants had been using their device for thirteen years, without ever ascertaining that their patent covered such a device, or its suggesting to them the valuable changes and alterations made by respondents' invention. While patents should be liberally construed. they should not be so construed as to enable patentees to reach out and cover every improvement or invention which, after seeing, they conclude they

might have embraced and included in their patent, but which was not so embraced and included.